IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Deborah J. Ashmore, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No. 0:11-2865-TMC |
| | ) | |
| v. | ) | |
| | ) | **OPINION & ORDER** |
| Carolyn W. Colvin, | ) | |
| Acting Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant.[1] | ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) and 1383(c)(3) for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). This matter is before the court for a review of the Magistrate Judge's Report and Recommendation filed on January 18, 2013. (Dkt. No. 21).

**Procedural Background**

Plaintiff filed an application for DIB and SSI in March 2006, with an alleged disability onset date of September 13, 2003, due to golfer's elbow in both arms. Her application was denied initially and upon reconsideration. An Administrative Law Judge ("ALJ") conducted a hearing on December 30, 2008. On March 24, 2009, the ALJ issued a decision finding Plaintiff was not disabled. Plaintiff sought review of her case by the Appeals Council which

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed.R.Civ.P.25(d), Colvin should be substituted for Michael J. Astrue as the defendant in this suit.

was denied on September 19, 2011. Plaintiff filed this action on October 21, 2011. The Magistrate Judge to whom this matter was referred filed a Report and Recommendation on January 18, 2013, in which she recommended that the Commissioner's decision be affirmed. On February 4, 2013, Plaintiff filed objections to the Report and Recommendation. (Dkt. No. 22). The Commissioner filed a reply on February 22, 2013. (Dkt. No. 24).

## Standard of Review

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . . 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir.

1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F. 2d at 1157-58.

## DISCUSSION

Plaintiff raises two specific objections to the Magistrate's Report and Recommendation. First, Plaintiff argues that the Magistrate Judge and ALJ erred in failing to understand fibromyalgia and its symptoms, including physical impairments and chronic pain. Second, Plaintiff contends the ALJ erred in failing to give sufficient weight to the opinions of the Plaintiff's physicians.

Fibromyalgia is a rheumatic disease with various symptoms, including significant pain and fatigue, tenderness, stiffness of joints, and disturbed sleep. *Stup v. UNUM Life Ins. Co. of Am.*, 390 F.3d 301, 303 (4th Cir. 2004) (internal citations omitted). Objective tests are of little relevance in determining the existence or severity of fibromyalgia. *Preston v. Sec'y of Health & Human Servs.*, 854 F.2d 815, 820 (6th Cir.1988). Doctors diagnose fibromyalgia based on tenderness when palpated of at least eleven of eighteen standard trigger points on the body. *Stup*, 390 F.3d 303. "While [courts] recognize that fibromyalgia is 'a disease that eludes [objective] measurement,' mere diagnosis of fibromyalgia without a finding as to the severity of symptoms and limitations does not mandate a finding of disability." *Rivers v. Astrue*, 280 Fed. Appx. 20, 22 (2d Cir. May 28, 2008) (*quoting Green–Younger v. Barnhart*,

3

335 F.3d 99, 108 (2d Cir. 2003)).

While Plaintiff contends that the Magistrate Judge (and the ALJ) have failed to demonstrate an understanding of fibromyalgia and its symptoms, such an objection is non-specific. Moreover, it appears to be encompassed in Plaintiff's second objection in which she contends that the ALJ erred in failing to give sufficient weight to the opinions of the Plaintiff's treating physicians, specifically rheumatologist Dr. Deborah Meadows, primary care physician Dr. Jack Durham, and nurse practitioner ("NP") Chris Weddington.

The ALJ rejected the opinions of Dr. Duncan and NP Weddington finding them inconsistent with their treatment records and the objective evidence in the record. Plaintiff questions how the opinions of her treating physicians are inconsistent with her extensive medical treatment records. (Obj. 3, 4, 5). She also contends that the ALJ erred by ignoring that fact that Dr. Duncan reviewed and concurred in NP Weddington's opinion when she discounted NP Weddington's opinion as not being an acceptable medical source. (Obj. at 4).

In evaluating the opinions of treating physicians, the ALJ generally must give more weight to the opinion of a treating physician because the physician is often most able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. See 20 C.F.R. § 416.927(d)(2) (2011). The medical opinion of a treating physician is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. 20 C.F.R. § 416.927(d)(2); *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). "[i]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence,

it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir.1996). "[T]he ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro,* 270 F.3d at 178 (*citing Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992)). In doing so, the ALJ must explain what weight is given to a treating physician's opinion and give specific reasons for his decision to discount the opinion. SSR 96–2p. Ultimately, it is the responsibility of the ALJ, not the court to review the case, make findings of fact, and resolve conflicts of evidence. *Hays v. Sullivan*, 907 F.2d 1453,1456 (4th Cir. 1990).

As to NP Weddington's opinion, the court notes that a nurse practitioner is not a medical doctor and, under the applicable regulations, a nurse practitioner is not an acceptable medical source for purposes of providing medical opinions. 20 C.F.R. § 404.1513(a). Instead, a nurse practitioner is considered within the category of "other sources" whose opinion is not entitled to controlling weight. *See* SSR 06–03p, 2006 WL 2329939, at *2 (Aug. 9, 2006) ("Information from these 'other sources' cannot establish the existence of a medically determinable impairment. Instead there must be evidence from an 'acceptable medical source' for this purpose.")[2] Moreover, even assuming Plaintiff is correct and Dr. Duncan reviewed and concurred in NP Weddington's opinions, the ALJ found Dr.

---

[2]The court notes that in *Gomez c. Chater*, 74 F.3d 967, 971 (9th Cir. 1996), the court addressed a similar situation and found a physician and nurse practitioner acted as an "interdisciplinary team" pursuant to 20 C.F.R. § 404.1513(a)(6), and the court then considered the team to be an acceptable medical source. However, 20 C.F.R. §§ 404.1513(a)(6), which was the basis of the *Gomez* decision, was deleted by amendment in 2000. 65 Fed.Reg. 34950, 34952 (June 1, 2000). Under current regulations, a nurse practitioner is deemed to be an "other source" to be considered. 20 C.F.R. §§ 404.1513(d), 416.913(d). However, currently there is no provision for a nurse practitioner to be deemed an acceptable medical source when supervised by a physician or as part of an interdisciplinary team. *Id.*

Duncan and NP Weddington's opinions were contradicted by their own treatment notes and other evidence in the record.

Plaintiff argues that the ALJ's brief recitation to only six medical visits out of a 779 page medical record does not constitute substantial evidence to support the ALJ's findings. (Obj. at 5). As Plaintiff states, she was seen by Dr. Duncan and NP Weddington over the course of nineteen years and was seen, examined, or talked to on the telephone over 125 times. (Obj. at 3). She contends the portions of the record not cited by the ALJ reflect "ongoing difficulties with pain, fatigue, difficulty sleeping, and depression." (Obj. at 5).[3] Although Plaintiff is correct that there exists evidence in the record which if credited by the fact finder may support a finding of disability, as noted above, the weighing and reconciling of that evidence with conflicting evidence is the responsibility of the Commissioner. So long as there exists substantial evidence to support the findings and conclusions of the Commissioner, as exists with the record in this matter, the Court is obligated to sustain the decision of the Commissioner.

Additionally, Plaintiff contends that the ALJ erred in failing to give sufficient weight to Dr. Meadows' opinion as to Plaintiff's limitations. (Obj. at 8-9). Plaintiff contends that Dr. Meadows, as a rheumatologist, is a specialist and her opinion should carry significant weight. (Obj. at 9). Specifically, Plaintiff contends the ALJ failed to adequately consider all of the

---

[3] The courts finds troubling that Plaintiff substantially misquotes the record. In particular, her quotations to Dr. Meadows' treatment notes are incomplete, as she omits entire sentences and phrases without any indication she has done so. The court will not speculate as to whether this was intentional, but directs Plaintiff's counsel to review LR 83.I.08 and the Rules of Professional Conduct regarding candor towards a tribunal.

6

symptoms and "the resulting potential limitations from fibromyalgia in this case." (Obj. at 12). She also contends that some of the Magistrate Judge's references to the medical records labeled as contradictory illustrate a lack of understanding of fibromyalgia. (Obj. at 12).[4] The court has carefully reviewed the Magistrate Judge's Report and Recommendation on these issues and finds it to be proper. Accordingly, Plaintiff's objections are overruled.

## Conclusion

After carefully reviewing the record, the court finds that the Magistrate Judge's recommended disposition is correct in this case and Plaintiff's objections are overruled. The Magistrate Judge adequately addressed each of these issues in the Report and the court concurs with both the reasoning and result recommended by the Magistrate Judge. Therefore, the court adopts the Report and Recommendation of the Magistrate Judge. Accordingly, the Commissioner's final decision is **AFFIRMED.**

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>
United States District Judge

March 6, 2013
Anderson, South Carolina

---

[4] The court notes that in her objections, Plaintiff cites to SSR 12-2p, which was effective July 25, 2012. (Obj. at 2, 4, 11). However, the Magistrate Judge found that any argument regarding SSR 12-2p fails because Plaintiff first raised this issue in her reply memorandum and, moreover, the effective date of this ruling was after the ALJ's decision. (Report at 14). Plaintiff has not objected to this part of the Report. Accordingly, the court will not address SSR 12-2p.